Lee R. PLYLER, Appellant,

v.

CITY OF PEARLAND, Appellee.

No. 15961.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 30, 1972.

Rehearing Denied Jan. 26, 1973.

Holder & Germany, C. Wayne Holder, Freeport, for appellant.

McNeal, Thrash & Williams, William W. McNeal, Alvin, for appellee.

COLEMAN, Justice.

This is a suit to recover delinquent taxes, penalty and interest. This case was consolidated for trial with Cause Number 15,-959, entitled B. M. Jamison et ux. v. City of Pearland, and with Cause No. 15,960, styled Lula B. Thompson v. City of Pearland. After the parties rested the cases were severed and judgments were entered in each case. The judgment in this case recites that a jury was waived and that the cause was submitted to the court both as to the law and the facts. No findings of fact or conclusions of law were requested or filed. The appellants have filed identical briefs in the three cases.

By several points appellant complains of the action of the trial court in excluding evidence that all or a part of appellants' property was not situated within the city limits of the City of Pearland.

Mr. McClellan, at one time City Secretary of the City of Pearland, testified that B. M. Jamison and his wife appeared before the City Council and asked that the south boundary of the City be surveyed. He testified that the boundaries of the City had not been surveyed, and that the Jamisons had appeared before the Council on several occasions and made known their contention that the property owned by them was not in the City because it was not properly annexed. When he was asked if he was present at a meeting in December of 1966 when the matter of the boundaries came up, the attorney for the City objected on the ground that the "line of questioning" covered "the subject matter of a previous motion before the Court," and requested that the jury be withdrawn. Out of the presence of the jury the attorney asked certain questions of the witness on voir dire and then objected to the introduction of any evidence "concerning the issue as to whether or not the property owned by Mr. and Mrs. Jamison was or is within the City limits of the City of Pearland," for the reason that such issue was settled by a prior case tried in the same court.

After an unreported argument to the court and an unreported ruling by the court, the attorney for appellant proceeded to offer testimony on a bill of exceptions out of the hearing of the jury. Further questions were put to Mr. McClellan, and nine other witnesses were called and examined on the bill. There is no showing in the record that the testimony of these witnesses was offered into evidence and that it was excluded by the trial court. Neither the ruling of the trial court, nor the understanding, if any, with regard to the mechanics of taking the Bill of Exceptions, is found in the record. The record does not show that appellee objected

to evidence concerning the location of appellant's property with reference to the City boundaries, or that the evidence was offered for that limited purpose. The point that the trial court erred in refusing to admit this evidence cannot be sustained. Self v. Becker, 195 S.W.2d 701 (Tex.Civ.App.— Texarkana 1946, writ ref., n. r. e.); City of Denison v. Corcoran, 253 S.W.2d 321 (Tex.Civ.App.—Austin 1952); City of San Antonio v. Condie, 329 S.W.2d 947 (Tex. Civ.App.—San Antonio 1959, writ ref., n. r. e.); Seele v. Seele, 371 S.W.2d 922 (Tex.Civ.App.—San Antonio 1963, writ ref., n. r. e.).

The City's tax assessor identified certain records as being the composite delinquent tax roll of the City, showing all delinquencies from 1950 through 1970. Excerpts were offered into evidence. The delinquent tax rolls are prepared from information obtained from the assessment and collection rolls by a contractor, Ad Valorem Records. The information is fed into a computer and the roll takes the form of a computer print out. When this roll was identified and excerpts offered, appellant objected on the ground that the roll printed by the computer was not an original roll, and, therefore, not the best evidence, and that no proper predicate for its admission into evidence was present.

■ The tax assessor testified that the computerized roll offered into evidence was the delinquent tax roll. It necessarily was prepared from other records. There was no evidence that the record offered was not prepared and approved in the manner provided by statute, nor was it objected to on the ground that it was not properly approved. The best evidence objection was properly overruled. The further objection that no proper predicate had been laid for its introduction is so broad and indefinite that it must be considered a general objection. The court did not err in failing to sustain this objection. McCormick and Ray, Texas Law of Evidence, §§ 24, 25.

■ Once the delinquent tax roll and the current roll for the year 1970 were admitted into evidence, and evidence was produced that the taxes shown by those records to be due were unpaid, a prima facie case for recovery was established. Adams v. Royse City, 61 S.W.2d 853 (Tex.Civ. App.—Dallas 1933, writ ref'd).

All other points of error have been considered and are denied. These points were fully discussed in our opinion in Jamison et ux. v. City of Pearland, 489 S.W.2d 636, opinion filed on the 30th day of November, 1972.

Affirmed.