**KIRKCONNELL & COOPER, INC.**

v.

**POINT ISABEL INDEPENDENT
SCHOOL DISTRICT.**

No. 1616.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 16, 1980.

Franklin T. Graham, Jr., Brownsville, for appellant.

Shelburne J. Veselka, Jack McCreary, McCreary & Huey, Austin, C. Tony Wright, Asst. Crim. Dist. Atty., Brownsville, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit for delinquent taxes brought by plaintiff, appellee Point Isabel Independent School District, against Defendant, appellant Kirkconnell and Cooper, Inc., seeking delinquent taxes and penalties. This tax, in the amount of $5,981.49, is alleged to be due and owing on two vessels owned by appellant. The trial court, sitting without a jury, rendered judgment for the taxing authority in the amount of $7,096.42, and attached a lien on each of the two vessels belonging to the defendant.

The findings of fact and conclusions of law, among other things, found that: (1) appellant was the owner of the two vessels on the first day of January for the years 1973 through 1978; (2) both vessels were assessed and appeared on the delinquent tax roll of the Point Isabel Independent School District; (3) the total delinquent taxes and penalties owing on the vessel, "Captain Cooper," was $2,208.17, and delinquent taxes and penalties on the vessel, "Captain Bligh," was $3,773.32; (4) both vessels were documented for the years 1973 through 1978 at the Port of Brownsville; and that (5) Port Brownsville is located within the Point Isabel Independent School District.

Defendant contends on appeal that the delinquent tax roll was improperly admitted into evidence and the tax assessor collector's testimony concerning the contents of this tax roll was improperly allowed.

The record from the lower court established that the tax roll for the School District was prepared by an independent computer service, Adap. The tax assessor collector testified that his office keypunches the information as to the status of all delinquent accounts. This information is then sent to Adap for processing. Adap prepares a computer print–out which then lists all of the delinquent accounts. The tax assessor collector testified that the list offered into evidence was the Port Isabel Consolidated Tax· Office January Delinquent Tax Roll.

■ Art. 7326, Tex.Rev.Civ.Stat.Ann., provides, inter alia, that all delinquent tax records of the county where suit is brought shall be prima facie evidence of the true and correct amount of taxes and costs due by defendant in such suit, and the same or certified copies thereof shall be admissible in the trial of such suit as evidence thereof. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760 (1942); *Bass v. Aransas County Independent School District,* 389 S.W.2d 165 (Tex.Civ.App.–Corpus Christi 1965, writ ref'd n. r. e.). A computerized tax roll similar to the one here involved has been held to be admissible. *Plyler v. City of*

*Pearland,* 489 S.W.2d 459 (Tex.Civ.App.–Houston [1st Dist.] 1972, writ ref'd n. r. e.) Although the defendant objected to the admission of the roll on the grounds that no proper predicate had been laid and that the roll was not the best evidence of the delinquent taxes since it was prepared by the computer service, the trial court properly overruled the objection. *Plyler v. City of Pearland,* supra. The tax assessor collector testified positively that the computerized tax roll that was offered into evidence was the delinquent tax roll and that it was prepared from other records. There was no evidence that the roll was not prepared and approved in the manner provided by statue, nor was there any evidence to contradict the presumption that the roll was prepared in accordance with the statute. See: Art. 7321, Tex.Rev.Civ.Stat.Ann., which states in part: "... the assessment rolls and books on file in the tax collector's office shall be prima facie evidence that all the requirements of law have been complied with by the officers charged with any duty thereunder, as to the regularity of listing, assessing, levying of all taxes therein mentioned..." It has been held that this article is applicable to school districts. *Highland Park Independent School District v. Republic Insurance Co.,* 162 S.W.2d 1056 (Tex.Civ.App.–Dallas 1942, rev'd on other grounds, 141 Tex. 224, 171 S.W.2d 342). Therefore, appellant's objections to the admissibility of the roll were properly overruled.

■ Defendant also contends that the trial court erred in allowing the tax assessor collector to testify directly from the computer print–out. Once the delinquent tax roll was properly admitted into evidence, the testimony of the tax assessor collector was proper. Appellant's first and second points of error are overruled.

■ Points of error three through six complain of certain findings of the trial court. Defendant contends that the record is completely void of any evidence to support the trial court's findings three through eight. The information in these findings is taken directly from the delinquent tax roll.

Having found that there was no error in admitting into evidence the delinquent tax roll, we hold that the plaintiff had established a prima facie case for the collection of taxes. When this initial burden was met by the taxing authority, the burden of then going forward with evidence shifted to the defendant taxpayer. Thereafter, in order to prevail, the taxpayer had to introduce competent evidence to invalidate the presumption that the taxes were due and owing. Defendant offered no such evidence to refute plaintiff's prima facie case. *State v. Whittenburg, et al.*, 153 Tex. 205, 265 S.W.2d 569 (1954); *City of Corpus Christi v. Davis*, 575 S.W.2d 46 (Tex.Civ.App.–Corpus Christi 1978, no writ). Defendant's points of error three through six are overruled.

We have considered appellant's points of error seven through twelve wherein it contends that there is no evidence in the record to support the trial court's conclusions of law. These points are also overruled.

▮ Appellant's point of error thirteen must be sustained. There the defendant contends that the trial court erred in granting a judgment against it for an amount greater than the amount found to be due under its findings of fact. Since there is no fact that needs to be ascertained, it is our duty to render the judgment that the trial court should have rendered. Rule 434, T.R. C.P., (Supp.1976), and see *King v. Tubb*, 551 S.W.2d 436 (Tex.Civ.App.–Corpus Christi 1977, no writ). The record shows that the judgment should be modified. We therefore change the amount of judgment to be $5,981.49, instead of $7,096.42, and that appellant pay 75% of the costs of the appeal. Judgment of the trial court in all other things is affirmed.

Modified and affirmed.