Roland Eugene **BUCHANAN**, Appellant,

v.

Maxine Gonzales **MOSQUEDA** et al., Appellees.

No. 15972.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 30, 1959.

Rehearing Denied Feb. 27, 1959.

Rawlings, Sayers, Scurlock & Eidson, and N. Lloyd Scurlock, Fort Worth, for appellant.

Clyde & Barnes; and Cantey, Hanger, Johnson, Scarborough & Gooch, J. A. Gooch and Charles L. Stephens, Fort Worth, for appellees.

RENFRO, Justice.

This appeal is based upon improper jury argument.

The suit grew out of an intersectional collision between an automobile and a truck at 12th Street and the Jacksboro Highway in the City of Fort Worth, in which Augustine G. Mosqueda was killed. Albright Van & Storage Co., owner of the truck involved, and Roland Eugene Buchanan, driver thereof, were defendants. Mrs. Maxine Mosqueda, surviving wife of Augustine G. Mosqueda, filed the suit individually and as next friend for her minor children.

The jury found that Buchanan failed to proceed with caution after passing a flashing amber light several hundred feet north of the intersection in question, and such

failure was a proximate cause of the collision; that Buchanan's negligence in entering the intersection when the signal light facing him was red was a proximate cause; that Buchanan failed to keep a proper lookout, and such failure was a proximate cause; tnat entering the intersection at 45 miles per hour was negligence and a proximate cause; that failure to apply his brakes was negligence and a proximate cause; that the brakes on defendant's truck were not insufficient or defective; that defendant Albright Van & Storage Co. did not fail to inspect the brakes before Buchanan started the trip. The driver of plaintiffs' car was acquitted of all alleged acts of contributory negligence.

Judgment, apportioned among the plaintiffs, in the sum of $47,426.50 was entered against defendant Buchanan. Judgment non obstante veredicto was entered for Albright Van & Storage Co.

There is no contention the verdict was excessive and no contention the issues were not supported by the evidence.

Defendants' bill of exception No. 2, occupying 21 pages of the transcript, sets out the argument of which complaint is made in the following order: (a) Plaintiffs' attorney told the jury that if a party has in his or her possession certain facts, or the availability of those facts, and fails to bring them before the jury, the jury has the right to assume that those facts may be damaging or injurious to that particular party; that the jury had not heard from the people who did the repairs on the truck's brakes, "Let Mr. Scurlock tell you if he can why they can get depositions from people who did work on the truck before, but they can't take depositions or produce testimony from the people who did the work after"; (b) plaintiffs' attorney in his closing argument charged defendants' attorney was trying to deceive the jury and appealed to their passion and prejudice; (c) that plaintiffs' attorney made the statement that when defendants' attorney questioned Mrs. Mosqueda he made a nasty

inference about the son of Mrs. Mosqueda; (d) plaintiffs' attorney made the statement, sans evidence, that Augustine Mosqueda was run over by the trailer; (e) plaintiffs' attorney asked the jury to consider how they do when they apply hydraulic brakes.

After all argument had been concluded and the jury recessed for lunch, with instructions to commence deliberations immediately after lunch, the attorney for defendants moved for a mistrial because of the improper argument; whereupon the court stated: "Let me say that as far as the objections to the argument, that have been pointed out by counsel, no request was made to the Court at the time the arguments were made to instruct the Jury not to consider it, except in such instances as the Court did instruct the Jury not to consider it. If they had been made timely, in some instances the objections would have been sustained and the Jury would have been instructed not to consider them."

After considerable discussion between the attorneys and the court, the court offered to instruct the jury to disregard the statement in reference to the "nasty inference" remark, but expressed the thought, "it will aggravate it" rather than help; whereupon defendants' attorney announced he would modify his request, but did want his objection considered in connection with his motion for mistrial. The bill of exception also shows that defendants' attorney objected to, but did not ask the court to instruct the jury not to consider, the argument complained of in paragraph (a). His objection was overruled.

It is apparent the trial court was of the opinion the ill effect, if any, of the argument of which complaint is made could have been cured by proper instruction. We agree.

■ Where argument is of such nature that if objection is made at the time so that counsel can offer an explanation or make such correction as will make such argument proper or harmless, or if the argument is

of such nature that its withdrawal by counsel or instruction by the court to the jury to disregard the same will cure the error and render the error harmless, the complaining party must object to such argument and request the court to instruct the jury not to consider same, and failure to do so waives the error. Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264; Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197; City of Fort Worth v. Estes, Tex.Civ.App., 279 S.W.2d 687; Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856.

■ Before a judgment is reversed because of improper argument, it must be such as to satisfy the appellate court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Rogers v. Broughton, Tex.Civ.App., 277 S.W.2d 121.

A determination of whether an error "probably did cause rendition of an improper judgment" by influencing the jury to return a verdict it probably would not otherwise have returned is to be made from an examination of the record as a whole. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Walker v. Texas Employers' Insurance Association, 155 Tex. 617, Sup., 291 S.W.2d 298.

Under Rule 434, Texas Rules of Civil Procedure, the burden is on the complaining party to show that probable harm resulted from improper argument.

We have given a detailed study to the whole record, and especially the statement of facts. Buchanan contended the brakes on the truck failed so that he could not stop for the red light. There is an amber flashing signal light 400 feet northwest of the intersection to warn traffic of a dangerous intersection ahead. Buchanan testified he did not remember seeing said light. He further testified he was within 70 to 200 feet of the intersection before he attempted to apply the brakes. From his own testimony the jury would in all probability have found just as they did on proper lookout and failure to observe the amber warning light if the offending argument concerning absent witnesses had not been made.

We have concluded that defendant has not shown that the jury might have returned a verdict contrary to what they did had the argument of which complaint is made not been made. It follows that we agree with the trial court that reversible error is not shown, it not being shown that the argument probably resulted to the prejudice of defendant.

Defendant based a point of error on the action of the court in awarding plaintiffs $1,000 for damages to the automobile. The plaintiffs have agreed to a remittitur in that amount.

■ Although the defendant Albright Van & Storage Co. was granted a judgment notwithstanding the verdict, all costs incurred in the case in the trial court were assessed against the defendant Buchanan. Defendant Buchanan should not have been taxed with the costs incurred by and against his co-defendant.

The judgment of the trial court is reformed so as to delete the $1,000 allowed for damages to the car, and is reformed so as to tax defendant Buchanan with only one-half the cost incurred in the trial court, and, as reformed, the judgment is affirmed.