**William R. HODGES, Appellant**

v.

**David D. PEDEN, Jr, Receiver and Jimmy Que, Appellees.**

**No. B2971.**

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1982.

Barton T. Westmoreland, Johnson & Milligan, Houston, for appellant.

David D. Peden, Jr., pro se.

William D. Signet, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an award of a court-appointed receiver fee.

William R. Hodges (hereafter appellant) appeals from the trial court's awarding David Peden, (hereafter appellee or receiver) a fee of $6827.50 and out-of-pocket expenses of $201.42. The fees were awarded as a result of a lawsuit in which The Game Peddler filed suit against Jimmy Que seeking damages for an alleged conversion of its personal property and an injunction compelling Que to return certain property to Game Peddler. By order signed December 17, 1980, Que was directed to return the property and Game Peddler was ordered to establish an account for Que in which would be placed half of all the gross receipts from the sale of the returned property.

On February 9, 1981, Que filed a counterclaim against Game Peddler and a third party action against appellant on an indebtedness owed by Game Peddler to Que and guaranteed by appellant. By order signed March 18, 1981, the trial court dissolved the December 17th injunction and ordered Game Peddler to re-deliver the items returned by Que to Game Peddler or cash in lieu thereof. Neither property nor cash was delivered and Que filed a motion for contempt. On March 25, 1981 Hodges was found in contempt. Subsequently Game Peddler delivered some of the property to Que.

In conjunction with an appeal of the March 18th order, Game Peddler and appellant petitioned this court for a protective order pursuant to article 1823 Tex.Rev.Civ. Stat.Ann. (Vernon 1964) pending trial on the merits. By order signed April 13, 1981 this Court ordered the trial court to appoint a receiver to take possession of the property securing the indebtedness allegedly owed by Game Peddler to Que. The trial court granted the receivership on April 24, 1981. Appellee was named receiver. The receiver repeatedly directed Game Peddler and Hodges to comply with the orders establishing the receivership. However, they were apparently less than cooperative. On April 24, 1981, the receiver filed a motion for contempt and an application for sale alleging that Hodges and Game Peddler failed to comply with the receivership orders. The trial court deferred the contempt hearing until after the trial on the merits. *See Ex parte Hodges*, 625 S.W.2d 304 (Tex.1981). On May 1, 1981 after trial, judgment was rendered for Que against Game Peddler and Hodges. All relief requested by Game Peddler was denied. On May 5, 1981, Game Peddler filed a petition in bankruptcy. Also on May 5th there was a hearing on the receiver's amended application for fees. At the hearing the trial court indicated that a determination was to be made of the amount of the receivers fees up to the time of the hearing for the purpose of cost assessment. The receiver introduced a computer print-out detailing his services performed from April 15, 1981 through May 4,

1981 and requested payment for such period in the amount of $4891.00 plus $201.42 in expenses. The trial court awarded the receiver a fee of $6827.50 plus $201.42 for expenses. Its written order entitled "First Receivers Fee Award" was signed by the trial court on August 20, 1981.

The receiver testified that he had not filed a final report or a final accounting. The order of August 20th does not purport to discharge the receiver either as to appellant or as to Game Peddler. The final judgment, signed August 19, 1981, expressly stated that the Receivership was to continue as a post-judgment ancillary proceeding.

■ The threshold question and appellant's first point of error is whether the trial court erred in making a full award of fees up to the date of the hearing to the receiver prior to the filing of a final accounting and the discharge of the receiver. We hold that prior to the final accounting, report and the discharge of the receiver, only a partial advance on the final fee can properly be made. *Bergeron v. Sessions*, 561 S.W.2d 551 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.); *Harrington v. Schuble*, 608 S.W.2d 253 (Tex.Civ.App.-Houston [14th Dist.] 1980, no writ). Here the trial court awarded the receiver an amount far in excess of the amount requested by the receiver. The important policy considerations underlying this rule should be noted:

First, the allowance of only partial fees encourages a receiver to act diligently and promptly in obtaining an early termination of the receivership.[1] (citations omitted). Second, since the receiver's final fee is measured by the value of his services, the results which are accomplished must be considered. (citations omitted). Until a final report and accounting has been filed, however, the trial court cannot accurately determine the results achieved by the receiver. Finally, the allowance of partial advances against a final fee will preclude further appeals similar to the present case. If the trial court does not purport to deter-

mine the total value of the receivers fees up to a certain time, the order will be interlocutory and not appealable.

[1] ... the partial advances should be materially less that the the value of the services rendered by the receiver prior to the allowance. (citations omitted).

*Bergeron v. Sessions, supra* at 553.

The trial court thus erred in making this award when the receivership had not been terminated. We, therefore, reverse and remand this cause for further proceedings in the trial court.

To provide direction to the trial Court, we will address the remaining points of error as necessary.

■■■ Appellant argues that the trial court erred in making a full award of the receiver's fees when it made no attempt to separate the work done by the receiver which necessitated legal skills from that work which was non-legal. The receiver served not only as a receiver, but also as his own attorney. His compensation as receiver and as attorney should be determined separately. A receiver is not entitled to compensation at a rate for legal work when such work does not require legal skills. *Bergeron v. Sessions, supra.* The clear indication here is that the court considered the nature of the receiver's work to be legal in substance and an examination by this court would support that determination. However, the record should affirmatively reflect the trial court's determination of the capacity in which the receiver performed services.

■■■ Appellant complains that the computer print-out was not the best evidence of the matters asserted therein. The receiver testified that the print-out was an exact transcription of handwritten records which he had made of his services as receiver. These handwritten records were transcribed into a computer which recorded the information and prepared a computerized billing.

Appellant contends that the underlying handwritten records should have been made available to him. Appellant argues, that when underlying records are voluminous, written summaries are allowed, however, the underlying records must be made available. We feel compelled to overrule his point. The computer print-out was merely an exact transcript of handwritten notes. Although we have found no case exactly on point, a similar question was raised in *Plyer v. City of Pearland*, 489 S.W.2d 459 (Tex. Civ.App.-Houston [1st Dist.] 1972, writ ref'd n.r.e.). In that case, excerpts from Pearland's tax rolls were admitted into evidence over a best evidence objection. The court noted:

> The delinquent tax rolls are prepared from information obtained from the assessment and collection rolls . . . The information is fed into a computer and the roll takes the form of a computer print-out. . . . When this roll was identified and excerpts offered, appellant objected on the ground that the roll printed by the computer was not an original roll, and, therefore, not the best evidence . . . The tax assessor testified that the computerized roll offered into evidence was the delinquent tax roll. It necessarily was prepared from other records . . . The best evidence objection was properly overruled.

*Plyer v. City of Pearland, supra* at 461; *Accord Voss v. Southwestern Bell Telephone Co.*, 610 S.W.2d 537 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.)

The underlying purpose of the best evidence rule

> is to secure the most reliable information as to the contents of documents, when those terms are disputed. . . . Consequently when an attack is made, on motion for new trial or on appeal, upon the judge's admission of secondary evidence, it seems that the reviewing tribunal, should ordinarily make inquiry of the complaining counsel, 'Does the party whom you represent actually dispute the accuracy of the evidence received as to the material terms of the writing?' If the counsel cannot assure the court that such a good faith dispute exists, it seems clear that any departure from the regulations in respect to secondary evidence must be classed as harmless error.

McCormick, Law of Evidence § 209, at 424–425 (1954); Tex.R.Civ.P. 434.

The appellant did not question the comparative accuracy of the computer print-out to the handwritten records but rather the *reasonableness* of the entries and charges for the services performed. Had appellant sought discovery of the underlying records or subpoenaed them under Tex.R.Civ.P. 177a or questioned their accuracy, a different result might have been obtained.

Appellant contends that the assessment of the receiver's fees against him was inequitable because the receivership was established for the protection of this Court's jurisdiction and appellant was a party to the suit only as a guarantor of an indebtedness. Generally, the rules of equity govern matters regarding receivers and the powers of the court in relation thereto. Tex.Rev.Civ.Stat.Ann. art. 2319 (Vernon 1971); *Harrington v. Schuble, supra.* The Supreme Court in *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290 (1959), sets forth the following rules regarding taxation of costs of a receivership and the appellate review thereof:

1. The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided. Tex.R.Civ.P. 131

2. The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules. Tex.R.Civ.P. 141

3. The appointment of costs should be controlled by equitable principles and the ultimate success or failure of the party who requests the appointment of a receiver is not in itself controlling, but is a prime factor in determining who shall ultimately pay the costs of the receivership.

4. Receiver's fee are to be considered a part of court costs.

5. A trial judge is authorized to vary the general rule as to taxing costs, if equity requires it.

6. *A trial judge should set forth in his order the reasons which prompted*

*him to tax the costs otherwise than in accordance with Rule 131.*

7. Receiverships are a harsh remedy and he who invoked it must be prepared to assume some risk.

8. A trial judge has the discretionary authority to adjudge costs, and on appeal the controlling question is whether the judge abused his discretion.

*Jones v. Strayhorn, supra; See Theatres of America, Inc. v. State,* 577 S.W.2d 542 (Tex. Civ.App.-Tyler 1979, no writ); *Archer v. Ross,* 262 S.W.2d 213 (Tex.Civ.App.-Fort Worth 1953, no writ); *See also Rowan v. Pickett,* 237 S.W.2d 734 (Tex.Civ.App.-San Antonio 1951, no writ); *Broadway Plan v. Ravenstein,* 364 S.W.2d 741 (Tex.Civ.App.-Fort Worth 1963, writ ref'd n.r.e.); *Buchannan v. Mosqueda,* 320 S.W.2d 878, (Tex.Civ. App.-Fort Worth 1959, no writ); *Roberts v. Howe,* 125 S.W.2d 617 (Tex.Civ.App.-Dallas 1939, no writ); *Herndon v. Rice,* 21 Tex. 455, 456 (1858).

On remand, liability for costs should be determined in accordance with this opinion and on the facts then before the court. Nothing in this opinion should be construed to imply that the fees allowed by the trial court were unreasonable.