**The STATE of Texas, Appellant,**

v.

**B & L LANDFILL, INC., et al., Appellees.**

**No. 01–87–00285–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 7, 1988.

Rehearing Denied Oct. 6, 1988.

David Melasky, Asst. Co. Atty., Houston, David Preister, Asst. Atty. Gen., Austin, for appellant.

Robert L. Collins, Robert Collins & Associates, Jack C. Ogg, Jack Ogg & Associates, Houston, for appellees.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal of the allocation of costs upon termination of a receivership in a Texas Clean Air Act enforcement action.

On January 31, 1983, Harris County and the State of Texas jointly brought an enforcement action numbered 83–09279 against B & L Landfill, Inc. ("B & L"), and Leslie M. Griffin for violations of Tex.Rev. Civ.Stat.Ann. art. 4477–5 (Vernon Supp. 1986), known as the Texas Clean Air Act (the "Act"). At the conclusion of a bench trial, the trial court found the defendants in violation of the Act, issued an injunction, reserved assessment of civil penalties, and *sua sponte* appointed Charles L. Sowell as receiver in the action.

Later, in an order signed on February 6, 1984, the trial court appointed Charles L. Sowell as receiver in cause of action 82–28891, a separate and independent ownership dispute, styled *Leslie Griffin, et al. v. Charles David Wright, et al.*, to which B & L was a party. The State of Texas was not a party to this cause of action, which was nevertheless treated by the court as consolidated with the enforcement action mentioned before.

On March 20, 1987, the trial court issued a "Final Order Terminating Receivership and Awarding Costs," in which the court ordered that the receiver and his attorney were entitled to recover the sum of $70,-000. The Court allocated payment of these funds as follows:

1. Harris County, Texas shall pay the Receiver and his attorney Twenty Thousand and No/100 Dollars ($20,000.00);

2. The State of Texas shall pay the Receiver and his attorney Twenty Thousand and No/100 Dollars ($20,000.00);

3. Leslie Griffin shall pay the Receiver and his attorney Twenty Thousand and No/100 Dollars ($20,000.00);

4. Bill Paul shall pay the Receiver and his attorney Ten Thousand and No/100 Dollars ($10,000.00);

5. The Court makes no assessment for the Receiver or his attorney against People's Bank or Fan L. Schwartz.

The order concluded by terminating the receivership relating to the consolidated causes, numbered 83–09279 and 82–28891, and ordered that the receiver, Charles L. Sowell, be discharged as receiver in both causes. We note that the receiver did not file a final report or account in detail for his expenses.

In its first point of error, the State contends that the trial court erred in admitting into evidence the time logs compiled by the receiver as proof of costs for the receivership, because they bore the cause number 82–28891 and contained a mixture of entries for work attributable to the cause of action to which the State was not a party (82–28891), as well as to the cause of action to which the State was a party (83–09279). These time logs did not segregate costs by cause number. The State also claims as erroneous the trial court's admission into evidence of the receiver's "Motion to Rule for Costs" because, while it bore the cause numbers and styles of both cases, it failed to specify how the costs were divided between the two causes of action.

The State asserts that it is not possible to determine from this evidence whether the State has been allocated costs only for the lawsuit to which it was a party, or whether it has also been allocated costs for the cause of action to which it was not a party. For this reason, the State urges that the evidence was erroneously admitted.

In its second point of error, the State asserts that the trial court erred in assessing, against the State, costs for the receivership in cause of action 82–28891, to which it was not a party.

The State urges that the causes of action were not in fact consolidated and that even if they were consolidated, the State should not be required to fund the receivership

activities in a suit to which it was not a party.

We first turn our attention to the issue of consolidation. "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; ..." Tex.R.Civ.P. 174. Procedural matters such as consolidation of parties and claims are within the sound discretion of the trial court, and the court's rulings on such issues will not be disturbed on appeal except upon a showing of abuse of discretion. *Allison v. Arkansas Louisiana Gas Co.*, 624 S.W.2d 566, 568 (Tex. 1981).

■ The record contains no order consolidating these two causes of action into one, but the trial judge stated on several occasions during the hearing on the Receiver's Motion to Rule for Costs that he intended that the causes would be consolidated and considered them, in fact, to be consolidated. He also stated several times that he would make findings on that issue in his final order. The final order, however, did not contain any findings on this, or any other, issue.

In the case at bar, the trial court was confronted with determining the costs of the B & L receivership. Although two separate causes of action were involved, B & L was a party to both, and Charles L. Sowell was the receiver in both. It was not an abuse of discretion for the trial court to consider the issue of receivership costs at one hearing and to admit evidence pertaining to both causes of action. The trial court stated on the record that it was fully aware of and very familiar with the proceedings in both causes of action, and knew full well what the duties and performance of the receiver had been in each cause of action. The record does not reflect any evidence that would contradict such a statement.

Appellant's first point of error is overruled.

■ As to the second point of error, alleging that the court erred in ordering the State to pay costs incurred by the receiver in the ownership dispute *unrelated* to the receiver's activities in the air pollution suit to which the State was a party, it is well settled that costs are not taxable against one not a party to a suit. *County of Dallas v. Gibbs*, 525 S.W.2d 500, 501 (Tex.1975). The fees of a receiver are to be considered a part of the court costs. *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290 (1959); *Hodges v. Peden*, 634 S.W.2d 8 (Tex.App.—Houston [14th Dist.] 1982, no writ). While it would have been erroneous for the trial court to have ordered the State of Texas to pay costs of the receivership in the cause of action to which it was not a party, we have no evidence before us that the State was, in fact, allocated such costs.

Neither the trial court's order nor the record contains any finding of fact or conclusion of law or any request for same by the State.

Because there are no findings of fact and conclusions of law, the judgment implies all necessary fact findings and must be affirmed, if it can be upheld on any legal theory supported by the evidence. Only evidence favorable to the implied fact findings will be considered, and opposing or contradictory evidence will be disregarded.

*Plaster v. City of Houston*, 721 S.W.2d 421, 422 (Tex.App.—Houston [1st Dist.] 1986, no writ) (citations omitted).

In addition to the trial court's expressed familiarity with both causes of action, it also had ample evidence before it of the costs and activities of the receivership in both causes of action. Absent any evidence to the contrary, we must conclude that there is sufficient evidence to support the presumption that the trial court properly allocated only those expenses to the State that stemmed from the receivership in the cause to which the State was a party.

Appellant's second point of error is overruled.

In its third point of error, appellant asserts that the trial court erred in appointing the receiver in the cause of action to which the State was a party and in ordering the State of Texas to pay costs and expenses incurred by the receiver.

■ The record reflects that the State failed to object to the court's appointment of the receiver at the time of appointment, thereby waiving its right to complain on appeal of such appointment. Essentially, then, the remaining issue is whether the trial court abused its discretion in assessing costs against the State.

*Hodges v. Peden,* 634 S.W.2d at 12, relying on *Jones v. Strayhorn,* 321 S.W.2d at 290, sets forth the following rules regarding taxation of costs of a receivership and appellate review thereof:

1. The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided. Tex.R.Civ.P. 131.

2. The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules. Tex.R.Civ.P. 141.

3. The appointment of costs should be controlled by equitable principles and the ultimate success or failure of the party who requests the appointment of a receiver is not in itself controlling, but is a prime factor in determining who shall ultimately pay the costs of the receivership.

4. Receiver's fee are [sic] to be considered a part of court costs.

5. A trial judge is authorized to vary the general rule as to taxing costs, if equity requires it.

6. *A trial judge should set forth in his order the reasons which prompted him to tax the costs otherwise than in accordance with Rule 131.*

7. Receiverships are a harsh remedy and he who invoked it [sic] must be prepared to assume some risk.

8. A trial judge has the discretionary authority to adjudge costs, and on appeal the controlling question is whether the judge abused his discretion.

*Hodges,* 634 S.W.2d at 12 (emphasis in original).

The State of Texas sought to have the operations of B & L comply with the salutary provisions of the Texas Clean Air Act. To this end, the court issued an injunction against B & L and appointed a receiver,

making the State of Texas a successful party to the suit. As the successful party to the suit, the State of Texas would normally recover costs rather than be charged with them. Tex.R.Civ.P. 131; *Hodges v. Peden,* 634 S.W.2d at 12; *Jones v. Strayhorn,* 321 S.W.2d at 293. However, as noted, "[t]he court may, for good cause, *to be stated on the record,* adjudge the costs otherwise than as provided by law or these rules." Tex.R.Civ.P. 141 (emphasis added).

■ In the case at bar, the trial court was authorized to vary from the general rule as to taxing costs and assess costs against the State of Texas *if,* in its opinion, *the equities of the case required it.* However, the trial court did not set forth in its order, as required by rule 141, the "good cause" that justified its allocation of costs against the successful party. The trial court undoubtedly has discretion to adjudge and apportion costs; the controlling issue becomes, therefore, whether it abused its discretion in adjudging costs against the State of Texas.

■ The Texas Supreme Court has held that "[u]nless the record demonstrates an abuse of discretion the trial judge's assessment of costs *for good cause* should not be disturbed on appeal." *Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex.1985) (emphasis added). Thus, by reverse implication, the trial court judge must comply with rule 141 by stating on the record his good cause for awarding costs contrary to the provisions of rule 131.

We hold that the trial court did abuse its discretion in allotting costs contrary to the provisions of rule 131, without including in the record an explanation of the allotment as required by rule 141. If rule 141 is to have any efficacy, as intended by the Legislature, the trial judge must explain his rationale for disregarding the equitable policy of rule 131. Appellant's third point of error is sustained as to the trial court's order that the State of Texas pay costs and expenses incurred by the receiver.

We therefore reverse the judgment of the trial court as to that portion that orders the State of Texas to pay the receiver and

his attorney twenty thousand and no/100 dollars ($20,000.00), and remand the cause for a proper allocation of the costs pursuant to Tex.R.Civ.P. 131 and 141.