**Lee G. WILEY, Appellant,**

v.

**Richard J. SCLAFANI, Appellee.**

No. 01–96–00075–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 13, 1997.

See also 870 S.W.2d 608.

J.S. Norman, Jr., Houston, for Appellant.

Edwin Fitzgerald, Fort Worth, for Appellee.

Before HUTSON–DUNN,* WILSON and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice (Retired).

Appellant, Lee G. Wiley (Lee), appeals from an order granting summary judgment in favor of appellee, Richard J. Sclafani (Richard), and vacating Lee's receivership. We affirm.

### SUMMARY OF FACTS

Richard and Susan Sclafani were divorced on August 6, 1979, at which time an Agreement Incident to Divorce (AID) was incorporated by reference and attached to the decree of divorce. This case deals with the treatment of a duplex owned by Richard and Susan, located at 2344 Sheridan. The AID set forth that Richard would "own, possess, and enjoy, free and clear from any claim of [Susan], the property [duplex]." It also provided that Susan would retain certain interests in the duplex: (1) one-half of the rental income derived from one unit of the duplex; (2) an option to purchase Richard's interest in the duplex at a price to be determined, at the time of the exercise of the option, by agreement of the parties; and (3) one-half of the net proceeds in the event of the sale of the duplex. Under the terms of the AID, any decision to sell the duplex was "solely

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

within the discretion of" Richard, subject to two exceptions: the duplex would be sold (1) if Richard predeceased Susan; or in any event (2) after 30 years had elapsed from the date of the divorce.

On October 21, 1986, Susan filed her Petition to Rescind Contract and to Appoint Receiver. She petitioned the trial court to set aside and void the AID and enter a new agreement allowing her to receive money from an immediate sale of the house rather than waiting for one of the contractual dates to occur.[1] On November 12, Richard and Susan entered into an agreed temporary order stating they would list the property for sale "immediately." On February 16, 1987, Agreed Temporary Orders were signed by the trial court wherein the parties were to list the property for sale with a mutually agreeable real estate agent, and for Richard to give an accounting. The property was not sold.

On September 21, 1987, Susan, alleging that the lack of a sale was due to delays caused by Richard, again moved the trial court to appoint a receiver to sell the property. On October 27, 1987, the court signed an order that the parties were to list the property to be sold. The court also appointed a receiver to take charge and possession of the property if the parties were not able to sell the property as of March 29, 1988. This order was signed and approved by Susan, represented by her attorney, and Richard, representing himself.[2]

In early 1992, Lee filed an application for authority to sell the property, and on July 7, 1992, the court signed an order authorizing the sale. On July 15, 1992, Richard filed a petition and application for temporary injunction because he objected to the sale of the duplex, notwithstanding the fact that he had previously executed an agreement authorizing the appointment of a receiver to sell the property. Richard argued that a sale would violate his due process rights and that he had signed the agreement under duress. The trial court rejected Richard's protestations and entered an order authorizing the sale to the prospective purchaser. Unfortunately, by that time, the buyer became disinterested, and the sale never finalized.

In the meantime, a number of activities were going on in court: (1) a motion by the F.D.I.C. to remove the receiver so it could foreclose on the property because Richard had not paid on the mortgage since February 1992; (2) motions by Susan to remove Richard from the property; (3) motions to set aside the receivership and application for the discharge of the receiver; (4) motion for clarification of the receiver's duties. Specifically, on February 12, 1993, Richard moved to set aside the receivership. He argued the receivership changed the terms, set out in the divorce decree, under which the property would be sold. On May 4, 1993, the court signed its order denying the receiver's motion to abate the receivership, motion to discharge the receiver, and Richard's motion to set aside the receivership. Richard appealed to this Court, which resulted in this Court dismissing the case for want of jurisdiction. *See Sclafani v. Sclafani,* 870 S.W.2d 608, 613 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

On October 14, 1994, Richard filed for bankruptcy under Chapter 13 of the Bankruptcy Code. In the meantime, the court issued an order that established Lee could carry out his duties as receiver while the bankruptcy proceedings were pending. Pursuant to that order, Lee was permitted immediately to resume collection of rental income from the property and was given permission to commence proceedings to sell the duplex on or after March 18, 1995.

1. She alleged the AID contained a fatal contradiction in that on one hand, the duplex is awarded to Richard as his separate property, yet Susan is entitled to receive one-half the rents.

2. Ted McMorrow was named as the original receiver; however, he never served as receiver. It is understood that he was out of the country for an extended period; however, no party brought the inactivity of the receiver to the attention of the court until August 1991. On August 5, 1991, Susan filed her motion for a substitute receiver, and by order Lee was appointed receiver. Unfortunately, he was not notified of this appointment until October 1991, whereupon he promptly qualified, filed his oath, and caused a notice of lis pendens to be filed of record for the property.

On February 20, 1995, Richard filed a motion for summary judgment on Susan's action in 1986 to rescind the contract and appoint a receiver. Richard argued the court had been without jurisdiction in 1986 to order the appointment of a receiver to sell the duplex. On March 15, 1995, the trial court granted Richard's motion for summary judgment "as to the defense that such claims are barred by section 3.71 of the Texas Family Code." The court discharged the receivership and awarded Lee $3,750 in receiver's fees and his attorney, Norman, $10,000 in attorney's fees. The court ordered Richard to pay the receivership fees, rather than compelling payment from the receivership funds.

On May 12, 1995, Wiley and Norman petitioned the court to modify its judgment because they argued the trial court's award of only 40% of the receivership fees earned amounted to an abuse of discretion. On rehearing, the court vacated the receivership, rather than discharging it, on the ground that the receivership was "unenforceable for lack of subject matter jurisdiction." According to the court, because the receivership was void *ab initio*, Wiley and Norman had no legal right to compensation for their work. Nevertheless, pursuant to TEX.R.CIV.P. 141,[3] the court awarded Wiley and Norman together the sum of $2,500 to be taxed against Richard and not against the receivership property.

## DISCUSSION

Before considering the merits of Lee's complaints, Richard argues that this Court should dismiss this appeal because Lee, as receiver, lacks standing to appeal. Therefore, initially, we address the issue of whether Lee has standing to appeal the issues he brings before this Court. "A 'receiver' is an indifferent person, between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation pendente lite." Zanes v. Mercantile Bank & Trust Co., 49 S.W.2d 922, 928 (Tex.Civ. App.—Dallas 1932, writ ref'd). By statutory definition—as well as necessity—a receiver must be both a non-party and disinterested in the outcome of the case. *See* TEX.CIV.

PRAC. & REM.CODE ANN. § 64.021(a) (Vernon 1986) ("To be appointed as a receiver . . . a person must not be a party, attorney, or other person interested in the action for appointment of a receiver."); *Chemical Eng'g Servs., Inc. v. Tomlinson,* 750 S.W.2d 375, 375 (Tex.App.—Beaumont 1988, no writ).

◼ "Generally, only parties of record may exercise a right to appeal." *Continental Casualty Co. v. Huizar,* 740 S.W.2d 429, 430 (Tex.1987). This rule is subject to exception only in instances where the person bringing the appeal has an interest which is in privity with, or was represented by, a party to the action. *Id.* at 430–31 (Kilgarlin, J., concurring) (citing *Wood v. Yarbrough,* 41 Tex. 540, 542 (1847); *Gunn v. Cavanaugh,* 391 S.W.2d 723, 724–25 (Tex.1965)).

◼ Lee is neither a party of record in this suit nor does he have an interest in privity with any party to the action. Therefore, he lacks standing to appeal both the trial court's granting of Richard's motion for summary judgment against Susan, and the trial court's vacation of the receivership. No *party* to this action appealed the trial court's decision on those issues. We hold that Lee has no standing to appeal in their place. Lee's points of error one and two are overruled.

In his third point of error, Lee contends the trial court erred in awarding Lee and his attorney, Norman, a nominal sum because they had a legal right to an award for reasonable fees incurred. In his fourth point of error, Lee contends the trial court erred in assessing fees only against Richard individually and not against the receivership property.

Although lacking a cognizable interest in the litigation between Richard and Susan, Lee has an interest in the trial court's awarding of costs for his services as receiver pursuant to TEX.R.CIV.P. 141. Therefore, Lee does have standing to complain here regarding the fees awarded and the manner in which those costs were assessed. *See, e.g., Jordan v. Burbach,* 330 S.W.2d 249, 251 (Tex. Civ.App.—El Paso 1959, writ ref'd n.r.e.).

---

3. This rule permits a court, for good cause, to adjudge costs other than as provided by law.

■ Even though the receivership under which he acted was vacated, Lee has a claim for compensation for services rendered in that capacity. *Espuella Land & Cattle Co. v. Bindle,* 11 Tex.Civ.App. 262, 32 S.W. 582 (1895). When assessed, receivership fees are charged as court costs. *State v. B & L Landfill, Inc.,* 758 S.W.2d 297, 300 (Tex. App.—Houston [1st Dist.] 1988, no writ). In assessing court costs, "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or the[ ] rules [of civil procedure]." Tex.R.Civ.P. 141.

■ When a receiver is appointed, the taxation of the receivership costs and the manner of their collection are matters entirely within the discretion of the trial court. *See Hodges v. Peden,* 634 S.W.2d 8, 12 (Tex. App.—Houston [14th Dist.] 1982, no writ). On appeal, we look only at whether the trial court abused its discretion in adjudging costs. *Id.*

■ In *B & L Landfill,* we held that a trial court abuses its discretion in making an equitable allocation of costs under Tex. R.Civ.P. 141 where the record is silent as to any "good cause" justifying such an explanation. *B & L Landfill,* 758 S.W.2d at 300; *see also Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex.1985) ("Unless the record demonstrates an abuse of discretion the trial judge's assessment of costs for good cause should not be disturbed on appeal."). In this case, the court's determination to award receiver fees pursuant to Tex.R.Civ.P. 141 is supported by good cause, as stated by the court, as well as supported by the record. The record reflects that, as receiver of the duplex, Lee (1) caused a notice of lis pendens to be filed in the real property records; (2) inspected and appraised the property, and listed it with real estate agents; (3) showed the property to prospective buyers; (4) filed an application with the court for authority to sell the property; (5) collected approximately $5,000 in rents on the property; and (6) paid the insurance on property out of the rents collected. We find that sufficient good cause exists for the trial court to award Lee $2,500 in fees for work performed while acting as receiver.

Lee complains here, however, that the fees awarded are so inadequate as to constitute an abuse of discretion by the trial court. We disagree. Lee cites no authority for the proposition that the trial court's award of $2,500 in fees for the work he performed amounts to an abuse of discretion, and, absent some authority, we decline to so hold. *Cf. Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985) (observing that the trial court's discretion to award "reasonable and necessary attorney's fees" includes the discretion to deny such fees altogether).

We overrule Lee's third point of error.

■ In his fourth point of error, Lee contends that, without regard to the amount of fees awarded, they must be charged against the property rather than against an individual litigant. We disagree. It may be the rule that, in a valid receivership, costs of the receiver may ultimately be charged against the property and funds under receivership. *See* Tex.Civ.Prac. & Rem.Code Ann. § 64.051 (Vernon 1986); *Jordan v. Burbach,* 330 S.W.2d 249, 252 (Tex.Civ.App.—El Paso 1959, writ ref'd n.r.e.). As we have already noted, however, Lee did not perform his services under the authority of a valid receivership. Lee's receivership was vacated by the trial court as void *ab initio* because the court ordering the receivership was without jurisdiction to do so. Given that the receivership in which Lee rendered services was declared void and vacated by the trial court, his claim for fees cannot be grounded in the same statutory scheme under which valid receiverships operate. Because Lee's fees were not awarded under authority of the statutory receivership scheme, it was within the trial court's discretion to assess such fees against Richard individually.

We overrule Lee's fourth point of error.

We affirm the judgment of the trial court.