Affirmed and Memorandum Opinion filed November 13, 2003









Affirmed
and Memorandum Opinion filed November 13, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00481-CV

____________

 

BYRON WALTER RUSK, Appellant

 

V.

 

BARBARA K. RUNGE AND SHEILA
SPENCER RUSK, Appellees

 



 

On Appeal from the 308th
District Court

Harris County, Texas

Trial Court Cause No. 96-18979

 



 

M E M O R A N D U M  
O P I N I O N








This is a second appeal of a judgment dividing property in a
divorce proceeding between Byron Walter Rusk and Sheila Spencer Rusk.  In the first appeal, we held that the trial
court improperly characterized some of Byron=s separate property as
community and abused its discretion in appointing a receiver over the community
property, including the improperly characterized separate property.  We also reversed the property division.  On remand, the parties settled the property
division, but before final judgment, the receiver, Barbara Runge,
intervened, requesting payment of her fees incurred during the
receivership.  The court held trial on
the receiver=s request, and at the
conclusion of the trial, awarded Runge $32,079.22 in
fees, plus prejudgment interest and costs, against Byron and Sheila, jointly
and severally.[1]  At Byron=s request, the trial court
entered findings of fact and conclusions of law.

In five issues on appeal, Byron attacks the award of fees to
the receiver, claiming the following: 
(1) the trial court lacked jurisdiction to adjudicate Runge=s claim for fees; (2) the trial
court exceeded this Court=s mandate in awarding the fees;
(3) Runge was not entitled to receiver=s fees because her appointment
was vacated; (4) the trial court erred in awarding fees against Byron
individually rather than against the property held in custodia
legis; and (5) the trial court contravened Texas
Rules of Civil Procedure 131 and 141 in awarding the fees as costs against
Byron.  We affirm.  

DISCUSSION

The Trial Court=s Jurisdiction and the Scope of
the Mandate

In his first two issues, Byron contends that, on remand,
this court=s mandate limited the trial
court=s jurisdiction so that it could
consider only the just and right division of the property existing as of the
date of divorce.  Thus, he claims, the
trial court lacked jurisdiction to adjudicate Runge=s claim for fees.  Byron contends the trial court=s award of fees to Runge amounts to an impermissible collateral attack on this
Court=s prior judgment.  We disagree.

The mandate issued in Rusk provided as follows:

We therefore order the judgment
of the court below REVERSED and REMAND the judgment to the trial
court for a new trial on the characterization and division of the parties= separate and community
property.  We therefore VACATE the trial
court=s order appointing a receiver
without prejudice to possible hearing in accordance with the court=s opinion.








This language vacating the appointment of the receiver Awithout prejudice to possible
hearing in accordance with the . . . opinion@ contemplates a hearing on the
receiver.  Having already vacated the
receivership, this language could not contemplate a hearing to vacate; it must
have contemplated some other hearing. 
The only other type of hearing it could have contemplated, or certainly
one of the types of hearings it contemplated, was a hearing to determine fees
for the receiver.  Nothing in the opinion
or mandate states or implies that Runge was not
entitled to fees for duties performed following her appointment as receiver.

As we recently explained, trial courts have jurisdiction to
do many things that are not ordinarily mentioned in appellate mandates.  See Madeksho v.
Abraham, Watkins, Nichols & Friend, 112 S.W.3d 679, 685 (Tex. App.CHouston [14th Dist.] 2003, pet. filed) (en banc
plurality).  A trial court has a duty to
perform all ancillary acts necessary to implement the judgment of the appellate
court and dispose of all matters still pending in the case.  See Bayoud v. Bayoud, 797 S.W.2d 304, 310 (Tex. App.CDallas 1990, writ denied).  Even when an appellate court remands a cause
for limited action, the trial court is given a reasonable amount of discretion
to comply with the mandate.  Austin Transp. Study Policy Advisory Comm. v. Sierra Club, 843
S.W.2d 683, 690 (Tex.
App.CAustin 1992, writ denied).  And, even if the trial court exceeds an
appellate mandate, it may abuse its discretion, but it does not lose
jurisdiction.  Madeksho,
112 S.W.3d at 685. 

Here, the trial court did not exceed its jurisdiction or
abuse its discretion in awarding receiver=s fees to Runge.  When an appellate court vacates a
receivership, our courts have held that the trial court is still empowered to
conduct the necessary proceedings to conclude the receivership, including
setting the receiver=s fees and ordering them
paid.  See Humble Exploration Co.,
Inc. v. Walker, 641 S.W.2d 941, 945B46 (Tex. App.CDallas 1982, no writ); Shell Petroleum
Corp. v. Grays, 87 S.W.2d 289, 292 (Tex. App.CWaco
1935), writ dism=d, 114 S.W.2d 869 (Tex. 1938); see
also Rogers v. S. Pine Lumber Co., 51 S.W. 26, 33 (Tex. Civ.
App. 1899, no writ) (vacating order appointing receiver and ordering trial
court to Amake all necessary orders
closing up the administration and adjudging the costs incurred therein@). 

We overrule Byron=s first two issues.








Award of Fees when Receivership Vacated

In Byron=s third issue, he contends that
Runge is not entitled to fees for her services
rendered before the receivership was vacated. 
He relies on Hayes v. Gardner, 40 S.W.2d 917, 919 (Tex. Civ.
App.CDallas 1931, no writ).  There, the court stated that, by vacating the
trial court=s order appointing a receiver,
the appellate court Aeffectively terminated the
situation produced by that appointment as if the same had never been made.@  Extrapolating from this, Byron argues the
appointment was a Acomplete nullity@ and, therefore, Runge is not entitled to any fees.  However, the Gardner court did not say
that, and the case did not concern receivership fees on remand.

In any event, numerous courts have recognized that, when a trial
court has jurisdiction, a receiver is entitled to reasonable compensation for
services rendered even if the trial court=s appointment of the receiver
was in error.  See Wiley v. Sclafani, 943 S.W.2d 107, 111 (Tex. App.CHouston [1st Dist.] 1997, no writ); Kuteman v. Ratliff, 154 S.W.2d 864, 866 (Tex. Civ.
App.CAmarillo 1941, no writ); Grays,
87 S.W.2d at 293; Espuella Land &
Cattle Co. v. Bindle, 32 S.W. 582, 582-83 (Tex. Civ.
App. 1895, no writ).  In fact, even when
a trial court lacks jurisdiction to appoint a receiver, and the order is void ab initio, the
receiver may still be entitled to payment for services rendered.  See Wiley, 943 S.W.2d at 107; Kuteman, 154 S.W.2d at 866B67.  Therefore, we reject Byron=s assertion that Runge is not entitled to receiver=s fees merely because we
vacated her receivership.








In connection with this issue, Byron also contends that part
of the fees were impermissible because they included fees for legal services Runge, a licensed attorney, provided while acting as
court-appointed receiver.  He argues that
attorney=s fees are not recoverable absent
statutory authority or contractual agreement, and neither applies here.  However, Byron does not contend that Runge
charged the legal fees for services not connected with the receivership. Fees
for a receiver, her attorney, and her accountant are all included in the
expenses of a receivership.  See Bayoud, 797 S.W.2d at 317; see also Kuteman, 154 S.W.2d at 866 (AThe law is well settled that,
in a case of which the court has jurisdiction, if a receiver is appointed and
takes charge and custody of property and administers the same under orders of
the court, he is entitled to his fees and to reasonable fees for his counsel,
to be paid out of the corpus of the property in his hands regardless of whether
the receiver was providently or improvidently appointed.@).  A receiver may serve not only as a receiver,
but as her own attorney; however, her compensation as receiver and as attorney
should be determined separately.  See
Hodges v. Peden, 634 S.W.2d 8, 12 (Tex. App.CHouston [14th Dist.] 1982, no writ); see also
Bergeron v. Sessions, 561 S.W.2d 551, 554B55 (Tex. Civ.
App.CDallas 1977, no writ) (recognizing situation
in which receiver also acts as attorney and providing standards by which to
measure reasonableness of fees for legal and nonlegal
work on behalf of receivership).  Here, Runge=s fees for legal and non-legal
work in connection with the receivership were segregated, andCother than not wanting to pay
them himselfCByron does not complain about
the amount of the fees.

We overrule Byron=s third issue.

The Assessment of Fees as Costs against Byron Individually

In Byron=s fourth issue, he contends
that the trial court erred in assessing the costs against him
individually.  In support of his
argument, he cites Texas Civil Practice and Remedies Code section 64.051 as standing
for the proposition that a receiver=s fees are to be generated from
the property held in custodia legis.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 64.051.  He also cites Hayes v. Gardner as
holding that the assessment of receiver=s fees against anything other
than the property held in custodia legis is reversible error.  See Hayes v. Gardner, 40 S.W.2d at 918B19.  However, we find his authority inapplicable.

As an initial matter, we note that receiver=s fees are considered court
costs.  See Jones v. Strayhorn, 159 Tex. 421, 425, 321 S.W.2d 290, 293
(1959); Peden, 634 S.W.2d at 12.  A trial judge has the discretionary authority
to adjudge costs, and on appeal the controlling question is whether the judge
abused her discretion.  Strayhorn, 159 Tex. at 426, 321 S.W. at 294; Peden, 634 S.W.2d at 12.  








Section 64.051 of the Civil Practice and Remedies Code
provides as follows:

(a) A receiver shall apply the
earnings of property held in receivership to the payment of the following
claims in the order listed:

(1)
court costs of suit;

(2) wages of employees due by the
receiver;

(3) debts owed for materials and
supplies purchased by the receiver for the improvement of the property held as
receiver;

(4) debts due for improvements made
during the receivership to the property held as receiver;

(5) claims and accounts against the
receiver on contracts made by the receiver, personal injury claims and claims
for stock against the receiver accruing during the receivership, and judgments
rendered against the receiver for personal injuries and for stock killed;  and

(6) judgments recovered in suits
brought before the receiver was appointed.

(b) Claims listed in this section have
a preference lien on the earnings of the property held by the receiver.

(c) The court shall ensure that
the earnings are paid in the order of preference listed in this section.

Tex. Civ.
Prac. & Rem. Code Ann. ' 64.051 (Vernon 1997).  This provision sets out the order of priority
governing a receiver=s payment of claims out of Athe earnings of property held
in receivership.@  Court costs, which would include a receiver=s fees, are given first
priority.  However, in the present
case, Byron does not allege that there were earnings of the receivership from
which Runge could be paid, nor does he contend that
any claim has priority over other claims. 
Therefore, section 64.051 does not apply. 








Moreover, Gardner does not compel a different
result.  In that case, the trial court
appointed a receiver over an amusement company, and on appeal, intervening lienholders who were not parties to the appointment of the
receiver objected to the trial court=s order that the receiver be
paid with the company=s Afunds now on hand,@ arguing that their first lien
had priority over payment to the receiver. 
See Gardner, 40 S.W.2d at 918. 
The Gardner court agreed, but held that their interests were
protected because the trial court=s wording could be read to
order that the receiver be paid out of the earnings of the business during the
receivership or proceeds arising from the sale of the company=s property.  Id. at 919.  Contrary to Byron=s assertion, Gardner
does not stand for the proposition that the assessment of receiver=s fees against anything other
than the property held in custodia legis is reversible error.  It merely addresses a question of the
priority of a receiver=s payment over other claims,
and therefore does not apply here.

We overrule Byron=s fourth issue.

The Application of Rules 131 and 141 to the Assessment of
Receiver=s Fees

In Byron=s fifth issue, he contends that
the trial court erred in taxing the receiver=s fees against him as court
costs in contravention of Texas Rules of Civil Procedure 131 and 141.  Again, we disagree.








Rule 131 provides that A[t]he successful party to a
suit shall recover of his adversary all costs incurred therein, except where
otherwise provided.@  Tex.
R. Civ. P. 131.  Rule 141 
provides that the trial court Amay, for good cause, to be
stated on the record, adjudge the costs otherwise than as provided by law or
these rules.@  The apportionment of costs should be
controlled by equitable principles and the ultimate success or failure of the
party who requests the appointment of a receiver is not in itself controlling,
but is a prime factor in determining who shall ultimately pay the costs of the
receivership.  See State v. B & L
Landfill, Inc., 758 S.W.2d 297, 300 (Tex. App.CHouston [1st Dist.] 1988, no writ); Peden, 634
S.W.2d at 12.  It has also been stated
that the fees and expenses of a receivership are to be paid by the party whose
wrongful act brought about the appointment of the receiver.  See Bayoud,
797 S.W.2d at 317.  Thus, with these
guidelines in mind, the overarching guideline on appeal is, Byron argues, that
he was the successful party because Sheila sought the appointment of a
receiver, and that appointment was vacated by his appeal.  He argues, therefore, any fees must be
assessed solely against Sheila, unless there was a showing of good cause on the
face of the record.  Even though the Rusks settled their property division disputes after remand
of the appeal, we agree with Byron that he was the successful party on the
receivership issue and therefore we will apply the admonition of Rule 141 that
any assessment of costs other than as stated in Rule 131 should be supported by
good cause.  However, in determining
whether good cause existed, A[u]nless
the record demonstrates an abuse of discretion, the trial judge=s assessment of costs for good
cause should not be disturbed on appeal.@  Rogers v. Walmart
Stores, 686 S.W.2d 599, 601 (Tex. 1985).

First, the trial court specifically found that Ait would be just and equitable
to require both Byron Walter Rusk and Sheila Ann Spencer Rusk to be jointly and
severally liable to pay the aforementioned fees and expenses to the Receiver@ and that both Byron and Sheila
Abenefitted by the Receiver=s work in this proceeding.@ The record showed the
following in support of this finding, both as to benefits received by both
parties and actions taken by Byron that increased fees:

                  
Runge tried to protect the assets so that
they were not dissipated.

                  
Runge had to deal with several taxing
jurisdictions on several properties. 
These properties included property of Byron.

                  
Some of
the property was in jeopardy because private note holders who were owed in
excess of $300,000 on Byron=s business property.  Additionally, Runge
had to deal with an intervenor/creditor of Byron=s car repair business.

                  
Byron=s conduct at times made the
receivership more difficult; for example, at one point, he cashed in a life
insurance policy that was property in the receivership without Runge=s knowledge or approval.

                  
Runge performed the following legal
services on behalf of the receivership: 
prepared pleadings, prepared correspondence, appeared in court,
responded o pleadings that were filed, appeared in bankruptcy court, worked
with the lawyers in the case as well as with the creditor=s lawyers, and with Byron=s bankruptcy trustee.[2]








                  
Byron benefitted from the receivership because he used it Aas a shield@ to protect assets against various
creditors and taxing districts and to prevent foreclosure on several properties
by two creditors and school districts.

                  
Runge filed pleas in abatement in suits
filed by HISD and AISD Aon Byron=s behalf.@

                  
Runge defended against a plea in intervention by creditors and
went to a mediation on the intervention for both parties. 

We find this evidence sufficient to support the trial court=s findings.  See Laughlin v. Aectra
Tradings & Transp., Inc.,
No. 14-98-00368, 1999 WL 740440 at *3 (Tex. App.CHouston [14th Dist.] Sept. 23,
1999, no pet) (not designated for publication); Wiley, 943 S.W.2d at
110.  Among other things, this evidence
shows that the property in receivership was safe from foreclosure by various
taxing authorities and by other creditors while it was held in custodia legis.  Accordingly, we find that the trial court did
not abuse its discretion in allocating the receiver=s fees and expenses to both
Byron and Sheila, jointly and severally. 
We overrule Byron=s fifth issue and affirm the
trial court=s judgment.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 13, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler
and Edelman.

 











[1]  Sheila Rusk does not appeal from the
judgment. 





[2]  During the pendency
of the divorce, Byron filed chapter 11 bankruptcy proceedings in connection with
his business.