

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00420-CV

Carole **KOTZ**,
Appellant

v.

Stelian **MURARIU** and Petru Murariu, Individually and on Behalf of Cape Horn Holdings LLC,
and Roger G. Bresnahan, in his Capacity as Receiver for Cape Horn Holdings LLC,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-15085
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  November 27, 2013

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Carole Kotz, Stelian Murariu, and Petru Murariu were owners of Cape Horn Holdings,

LLC. The Murarius sued Kotz, alleging breach of contract and requesting the appointment of a

receiver to sell Cape Horn's sole asset, an apartment complex in San Antonio, Texas. The trial

court appointed a receiver, and after the apartment complex was sold, it held a hearing on the

receiver's application to distribute receivership funds. Kotz appeals the portion of the trial court's

order awarding additional fees in the amount of $9,651.11. We affirm in part, and reverse and

remand in part.

**DISCUSSION**

We review a trial court's award of receiver's fees for an abuse of discretion, considering all the material facts and circumstances. *Moyer v. Moyer*, 183 S.W.3d 48, 51 (Tex. App.—Austin 2005, no pet.); *United States v. Admiral Refining Co.*, 146 S.W.2d 830, 831 (Tex. App.— Texarkana 1940, no writ). A receiver's fees should be sufficient to induce competent persons to serve as a receiver, attorney, or accountant. *Bergeron v. Sessions*, 561 S.W.2d 551, 555 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.). But "receiverships should also be administered as economically as possible, and fees for services performed by these court officers should be moderate rather than generous." *Id.*

A receiver's fee should be measured by the value of the services rendered, and there must be evidence to establish the reasonableness of the fee. *Moyer*, 183 S.W.3d at 57–58. To determine the value of a receiver's services, courts consider: (1) the nature, extent and value of the administered estate; (2) the complexity and difficulty of the work; (3) the time spent; (4) the knowledge, experience, labor and skill required of, or devoted by the receiver; (5) the diligence and thoroughness displayed; and (6) the results accomplished. *Bergeron*, 561 S.W.2d at 554–55.

When a receiver also acts as an attorney for the receivership, the receiver's compensation for his services as attorney to the receivership should be set separately from that of the compensation for his services as a receiver, and his compensation as an attorney should be reasonable as governed by the Texas Disciplinary Rules of Professional Conduct. *Id.* at 555; *Hodges v. Peden*, 634 S.W.2d 8, 11 (Tex. App.—Houston [14th Dist.] 1982, no writ). Under the Rules, the relevant factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney; (3) the fee customarily charged in the locality for similar legal

services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the attorney or attorneys performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(b), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (TEX. STATE BAR R. art. X, § 9).

The trial court appointed Roger Bresnahan as receiver for Cape Horn's property in August 2009, and the court's initial order authorized him to collect fees at the rate of $250.00 per hour, plus reasonable and necessary expenses. Bresnahan is an attorney and acted both as the receiver and as an attorney to the receivership. He closed a sale of the apartment complex in February 2012, which resulted in net proceeds of $233,619.08. Bresnahan then filed an application to distribute the funds. The application included a request for payment of his fees and stated that Bresnahan had already received $4,500.00 in fees. Bresnahan also stated his hourly rate increased from $250.00 to $275.00 per hour in 2010, and he asked the court to approve that increase, which it did. At that rate, his remaining unpaid fees totaled $25,348.89 at the time of the sale of Cape Horn's property. He asked the court to approve a total payment of $35,000 because he had "invested substantial time and energy in the past [two-and-one-half] years in bringing about the sale," and he also asked for direction on how to appropriately distribute the remaining proceeds.

The trial court considered the application at a hearing, during which Bresnahan testified about his fees.[1] Prior to the court's final ruling, Kotz expressly waived any objection to

---

[1] Kotz suggests, without explanation, that Bresnahan did not actually "testify," but only "argued" about the basis for his fees. The hearing was held to determine the receivership's fees and costs, matters about which Bresnahan had personal knowledge. *See* TEX. R. EVID. 602. Bresnahan was not under oath at the hearing, and generally an attorney's statements must be under oath to constitute evidence. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997); *Russ v.*

Bresnahan's rate increase and the award of $25,348.89 in fees. However, Bresnahan asked for a total award of $35,000—almost $10,000 beyond the amount of his unpaid fees as of the date of the closing. The alleged basis for the additional compensation is not clear from the record. At one point during the hearing, Bresnahan stated he had worked an additional twelve hours after the closing. But he also appears to have requested the extra fees because the sale of Cape Horn's apartment complex was a more difficult and time-consuming task than his hours reflected. He explained he had been forced to negotiate multiple sales of the property, made arrangements with Cape Horn's creditors to avoid foreclosure, and made appearances or filed answers to avoid default judgments in cases against Cape Horn. The record is wanting as to the scope, timing, and details of either the additional work he performed after the closing or what made his duties more difficult and time-consuming. Bresnahan did not submit any records of the hours or tasks he performed as the receiver or in his capacity as an attorney to the receivership. The trial court ultimately approved the rate increase and awarded Bresnahan the requested $35,000, over Kotz's objection to compensation over $25,348.89.

Kotz appeals and advances two arguments. First, she contends the trial court abused its discretion in awarding the additional amount of $9,651.11 because the receiver failed to distinguish between the services for which he was already compensated in the amount of $25,348.89. Second, she argues the trial court was not in a position to determine the reasonableness of the additional compensation because the receiver completely failed to differentiate between the work completed as an attorney and work completed as a receiver.

---

*Titus Hosp. Dist.*, 128 S.W.3d 332, 338 (Tex. App.—Texarkana 2004, pet. denied); *see* TEX. R. EVID. 603. However, the purpose of the hearing was to determine the distribution of the receivership's funds and Bresnahan's fees, and other attorneys at the hearing were sworn in and testified. Kotz's lack of objection to Bresnahan's lack of an oath waived any error because she should have known an objection was required under the circumstances. *See Banda*, 955 S.W.2d at 272; *Russ*, 128 S.W.3d at 338.

The trial court has the discretion to make extra allowances to a receiver beyond the compensation set in its interlocutory order appointing the receiver. *St. Louis Union Trust Co. v. Tex. S. Ry. Co.*, 126 S.W. 296, 305 (Tex. Civ. App.—Texarkana 1910, writ ref'd). Thus, the trial court had the discretion to approve Bresnahan's fees and to provide additional compensation, if it determined the value of Bresnahan's services justified a further increase. *See id.*

However, Bresnahan was obligated to separately set out the value of his services as the receiver and as an attorney to the receivership because he was not entitled to compensation at a rate for work that did not require legal skills. *Bergeron*, 561 S.W.2d at 554; *see Hodges*, 634 S.W.2d at 11 ("[T]he record should affirmatively reflect the trial court's determination of the capacity in which the receiver performed services."). That was not done in this case.

There was some evidence that Bresnahan had provided additional services after the closing of the sale of Cape Horn's property. And there was some evidence that he had performed services as the receiver and legal services as an attorney to the receivership that, due to their complexity, were not adequately compensated. However, there was no evidence in the record segregating the legal and non-legal aspects of Bresnahan's services. Without such evidence, Bresnahan could not meet his burden to demonstrate that almost $10,000 in additional fees reflected the reasonable value of his services as the receiver or the reasonable value of his services as an attorney to the receivership.[2] *See Hodges*, 634 S.W.2d at 11; *Bergeron*, 561 S.W.2d at 555. If Bresnahan intends to rely on the lodestar method of calculating his fees as an attorney to the receivership, he should provide "certain basic proof, including itemizing specific tasks, the time required for those tasks, and the rate charged by the person performing the work." *City of Laredo v. Montano*, No. 12-0274,

---

[2] Because there was no evidence of the segregation of fees, we are unable to consider the merits of whether the additional compensation was actually unreasonable and thus an abuse of discretion. Nothing in this opinion should be construed as a comment on that question. *See Bergeron*, 561 S.W.2d at 555.

2013 WL 5763179, at \*4 (Tex. Oct. 25, 2013) (per curiam) (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (2012)).

We hold that the trial court abused its discretion by awarding $9,651.11 in additional fees to Bresnahan above the unobjected-to fee award of $25,348.89, and we reverse that part of the award. The record contains some evidence about Bresnahan's additional work after the closing and the difficulty of his duties as the receiver and as an attorney to the receivership, which are proper basis for awarding a receiver's compensation when the legal and non-legal aspects are separately accounted for. Accordingly, we affirm the award of $25,348.89 and remand the case to the trial court in the interest of justice for a new hearing on Bresnahan's application for additional compensation. *See Stanfield v. Stanfield*, No. 09-99-453-CV, 2000 WL 1475853, at \*5 (Tex. App.—Beaumont October 5, 2000, no pet.); *Hodges*, 634 S.W.2d at 12; *Bergeron*, 561 S.W.2d at 555.

Luz Elena D. Chapa, Justice