Ralph JORDAN, Receiver, Appellant,

v.

Raymond BURBACH et al., Appellees.

Raymond BURBACH et al., Appellants,

v.

Henry H. BROWN et al., Appellees.

Nos. 5354, 5361.

Court of Civil Appeals of Texas.

El Paso.

Dec. 9, 1959.

Rehearing Denied Dec. 30, 1959.

250 ██ 

Swearingen & Bledsoe, Marfa, for Jordan and Brown et al.

E. B. O'Quinn, Marfa, for Burbach et al.

ABBOTT, Justice.

The above appeals have been consolidated, as they contain the same subject matter and both are based on the assessment of costs and the distribution of funds of a receivership.

During extended litigation involving three ice properties, the trial court appointed two receivers, who operated under the court's orders. E. F. King served from April 19, 1957 to June 7, 1957, and received his discharge. Ralph Jordan, appellant, served from June 7, 1957, to date. Jordan's final account as receiver was heard by the court March 28, 1958. Judgment was rendered on the account July 28, 1958, involving court costs and other expenses of the receivership and directing payment thereof. It is from this order that the appeal is taken. The receivership having served its purpose as of March 28, 1958, the receiver surrendered all the property, except the money that came into his hands as receiver, this being shown in his final account.

The points of error raised by appellant are:

"*Point 1*: The Court erred in refusing to allow the receiver to apply the moneys that came into his hands as receiver to court costs in preference to other expenses of the receivership, such judgment being in conflict with Art. 2299, V.A.T.S.

"*Point 2*: The Court erred in taxing court costs or other expenses of the receivership against the parties, or either of them, the statute being clear in its direction to the Court and to the receiver under the facts of this case."

On December 5, 1957, the trial court ordered the receiver to make his final account and report as receiver, and also provided for filing, notice and hearing thereof, and further provided that, upon such hearing, if the report and account be found correct by the court, the receiver would be discharged. In the same order, the court ordered that defendants be assessed all costs herein incurred, to which orders defendants gave notice of appeal. On December 27, 1957, the court amended its original order, extending the time that the receiver was to turn said property over, to 15 days after the final judgment. On March 28, 1958, the receiver filed his final report to the court and then, on the same date, filed a supplemental final report. On July 28, 1958, the court ordered:

"The Court: The Court is assessing the costs on a 50-50 basis, that is to the plaintiffs and defendants, equally, except Mr. Brown, 50% to Mr. O'Quinn's clients and 50% to Mr. Swearingen's clients.

"The Receiver is hereby ordered to pay all accounts, exclusive of costs of court already approved by me and I am ordering them paid immediately. I am doing this on my own and I am entering an order to that effect. The payment of these costs has nothing to do with the accounts I have heretofore allowed and I will sign an order that the accounts be paid immediately."

On August 1, 1958, the receiver filed his notice of appeal from the July 28, 1958, order of the court; and it is the manner in which the court assessed the costs, and the order of payment, that is appealed from.

At the time of the final report of the receiver, there was enough cash on hand to pay the court costs, but there was not enough cash to pay, in addition, all expenses of the receivership.

Article 2299 of Vernon's Annotated Texas Civil Statutes gives the order of application of funds that come into the hands of the receiver, and the first such application clearly sets out that all court costs of suit shall be the preferred

claim. The expense of administering and preserving the property, *including receiver's fees*, which are a part of the court costs, is to be charged against the funds on hand of the receivership, and if that is insufficient, then upon the property itself or its proceeds of sale. Missouri, K. & T. Ry. Co. v. McFadden, 89 Tex. 138, 33 S.W. 853. There can be no doubt that the cost of administration and preserving the property are costs of court, and are part of those costs listed under Article 2299, section 1, V.A.T.S. The receiver and his attorney, appointed by the court, are entitled to priority over other creditors of the receiver. Mid-Continent Supply Co. v. Conway, Tex.Civ.App., 240 S.W.2d 796; Shell Petroleum Corp. v. Grays, Tex.Civ.App., 87 S.W.2d 289. There can be no question but that the courts so holding have realized the necessity of appointing qualified receivers, and this raises the obligation of seeing that they are paid, if possible, in the position of preferred creditors.

We believe the trial court erred in ordering all accounts paid, exclusive of court costs, from the funds that the receiver had on hand. We believe that the fees set by the court—that is, $1,500 as receiver's compensation and $750 attorney's fees—should be paid before the payment of the accounts named by the trial court.

■ Appellee urges that the receiver has no authority, because of his oath, to appeal any order of the court which appointed him. With this we cannot agree, because of the language of Article 2310, V.A.T.S., directing that " * * * such receiver may, in his official capacity, sue or be sued in any court of this State having jurisdiction of the cause of action, without leave of the court appointing him * * * ", and also because of the language of Article 2308, V.A.T.S.

■ Appellee also argues that Article 2299, V.A.T.S., has been repealed by Rules 141 and 819, Texas Rules of Civil Procedure, and that, under Rule 131, T.R.C.P., the trial court had a right to adjudge the costs within its own discretion. We cannot agree that Rule 131, or the other rules mentioned, overrule Article 2299, V.A.T.S. Rule 131 gives to the trial court the discretion of assessing the court costs in an equitable manner. Article 2299, V.A.T.S., lays out the order of payment. The trial court, in the present case, assessed the costs equally against plaintiffs and defendants, and we have no attack from either party as to any abuse of discretion—only complaints as to the law. We believe that Articles 2302, 2303 and 2305, V.A.T.S., clearly state the liability of the one receiving the property from the hands of the receiver as to accounts of the receivership. We believe the court's order that Raymond Burbach et al., and Brown et al., plaintiffs and defendants, each pay 50 per cent of the cost was entirely within the discretion of the court, and, since that discretion has not been attacked, we must follow the trial court's order.

■ In the appeal of No. 5361, consolidated with the foregoing appeal, there is one question raised by appellants. They contend that the first judgment of December 5, 1957, is res adjudicata and constitutes both a bar and estoppel to the later orders of the court. This particular case could not become final until all of the issues are settled, such issues including the payment of costs and accounts. The settling of liability of receivers upon their accounts is certainly such an issue. 4 McDonald Texas Civil Practice, section 17.03 (and cited cases). A decree which determines the merits and settles the disputed rights of the parties, so that no further questions will arise to require judicial determination, is final for appeal; but a judgment which purports to declare the rights of the parties contingent upon the occurrence of a future event is not a final judgment. Such is the case before us, and we believe that the series of orders entered by the court, finally ending July 28, 1958, constitutes the total judgment.

The trial court's judgment is reformed, ordering that the fees of the receiver and the receiver's attorney, as a part of the costs, be paid from the funds available prior to the payment of any other account, and the judgment of the trial court, as re-formed, is affirmed.