COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| RSS RAIL SIGNAL SYSTEMS CORPORATION AND JOHN CUMMINGS, | § | |
| | § | No. 08-12-00333-CV |
| Appellants, | § | Appeal from the |
| v. | § | 193rd Judicial District Court |
| CARTER STAFFORD ARNETT HAMADA & MOCKLER, PLLC, | § | of Dallas County, Texas |
| | § | (TC# 10-04103-L) |
| Appellee. | | |

## **O P I N I O N**

RSS Rail Signal Systems Corporation and John Cummings appeal from an order of the trial court approving settlement and disbursement of settlement proceeds. For the reasons that follow, we reverse and render.

## **FACTUAL SUMMARY**

This dispute arises out of a state court suit, a federal court suit, settlement agreements entered in both cases, and the appointment of a receiver by the state court. On April 7, 2010, RSS Rail Signal Systems Corporation and John Cummings (collectively RSS) filed suit in the 193rd District Court of Dallas County against Sky King Foundation Inc., Flying Crown Foundation and Stephen Birch alleging that Birch, either in his individual capacity or as an agent of Sky King and Flying Crown, made false representations to induce RSS to enter into a transaction to purchase an airplane jointly with them (the state suit). We will refer to Sky King

and Flying Crown as "Sky King."  We will refer to Birch by name.  The state suit alleges causes of action for fraud, fraudulent inducement, and breach of contract.  Sky King and Birch were initially represented by the law firm of Thompson & Knight.

Great American Insurance Company (GAIC) had issued an executive protection and employment practices liability insurance policy to Sky King covering the term from August 11, 2009 through August 11, 2010.  Sky King sought coverage under the policy but GAIC reserved its right to deny coverage.  In August 2010, the parties to the state suit and GAIC mediated their disputes and entered into a settlement agreement and policy release (GAIC Settlement) whereby Sky King and Birch agreed to pay $785,000 to RSS and GAIC would pay $175,000 into an escrow account as part of the settlement funding of the dispute between the parties in the state suit, and as part of a settlement agreement between GAIC, Sky King, and Birch.  Upon GAIC's payment of $175,000, Sky King and Birch agreed to release GAIC from any claims for coverage arising under or related to the state suit, the settlement agreement, defense costs, and the insurance policy.  The insureds also agreed that upon execution of the policy release, the policy would be completely released and void.  Sky King and Birch agreed that if the state suit did not settle, GAIC's duty to defend would be extinguished and it would have no further obligation except to pay the defense costs set forth in the agreement.  The settlement agreement also provided that:

> If the settlement agreement is not consummated, Great American's payment of $175,000 as set forth in Paragraph 1 above, said monies shall only be used by the Insureds for future settlement purposes only, and shall not be used for any other reason including, but not limited to, the payment of legal fees, costs, and expenses.

On September 3, 2010, GAIC tendered $175,000 to Thompson and Knight, terminated its coverage of Sky King and Birch, and denied its duty to defend them further in the state suit.

Pursuant to the GAIC Settlement, GAIC also paid to Thompson & Knight its attorney's fees as costs of defense under the policy. Sky King and Birch failed to pay RSS in accordance with the GAIC Settlement. Thompson & Knight withdrew and returned the $175,000 payment to GAIC which placed the money in an escrow account as required by the GAIC Settlement. Following the withdrawal of Thompson & Knight, Birch began representing the three defendants. RSS filed amended pleadings on January 5, 2011 to include unjust enrichment and theft claims against Sky King and Birch. They also added a fraudulent transfer claim against Shanee Birch, a director and officer of Sky King. In February and March of 2011, the trial court granted partial summary judgments in favor of RSS on the breach of contract and fraud claims.

The remaining issues were tried to a jury on November 8-10, 2011, and the jury found in favor of RSS on all issues submitted. Based on these findings, RSS was entitled to judgment against Birch, Sky King, and Flying Crown for breach of contract, fraud, and theft, and the jury awarded damages in the amount of (1) $550,000 for the amount contributed by RSS to purchase the aircraft with Sky King and Birch, and (2) $109,317.23 for the amount paid by RSS for one-half of the expenses associated with the aircraft. RSS elected to recover on their fraud and theft causes of action. The jury also found by clear and convincing evidence that Sky King and Birch committed fraud and awarded $1.3 million in exemplary damages against each of the defendants. On December 8, 2011, the trial court entered judgment awarding damages in the amount of $659,317.23 against the defendants jointly and severally, plus $1.3 million in exemplary damages against each of the defendants. They did not appeal or supersede the judgment.

On October 7, 2011, Sky King, Stephen Birch, and his wife, Shanee Birch, represented by Paul K. Stafford of The Stafford Law Firm, filed suit in federal district court against GAIC. They alleged GAIC was obligated to defend them against the claims in the state suit and to

indemnify them against certain losses (the federal suit). GAIC filed a motion to dismiss the federal suit based on the plaintiffs' release of all claims in the GAIC Settlement.

While the federal suit was pending, RSS filed a motion in the 193rd District Court for post-judgment appointment of a receiver to collect the judgment entered in the state suit. The motion alleged that the federal suit and its proceeds were property subject to a turnover order. The trial court granted that motion and appointed Amy Davis as receiver. The order authorized the receiver to settle the federal suit on whatever terms she determined, in her sole discretion, would be most beneficial to defendants in order to satisfy the judgment entered in the state suit. On April 4, 2012, Mr. Stafford, now with the law firm of Carter Stafford Arnett Hamada & Mockler (Carter Stafford), filed a motion on behalf of Sky King and Birch to vacate the trial court's order appointing the receiver. Mr. Stafford alleged that he had begun representing Sky King and Birch a few days prior to March 22, 2012.

On May 3, 2012, the federal district court issued an opinion and order granting GAIC's motion to dismiss the federal suit with respect to all of the claims except for the fraudulent inducement claim and ordered Sky King and the Birches to amend that claim within twenty days. The federal court also held that the GAIC Settlement was valid. GAIC subsequently demanded $150,000 from Sky King and the Birches for its attorney's fees incurred in defending the federal suit. The receiver entered into settlement negotiations with GAIC to resolve the dispute over attorney's fees in the federal suit. According to Mr. Stafford, the receiver informed Sky King and the Birches on May 9, 2012 that the dispute had been settled for $175,000 and she intended to recommend to the trial court that Mr. Stafford be paid $40,000 as attorney's fees. Consequently, Mr. Stafford did not amend the remaining fraudulent inducement claim in the federal suit. The receiver subsequently learned that Mr. Stafford did not have a written

contingent fee agreement and she refused his request for attorney's fees from the settlement funds because an oral contingent fee agreement is unenforceable.

On July 10, 2012, GAIC, Sky King, and the Birches entered into an agreement to settle the federal suit and GAIC's demand for attorney's fees, using the $175,000 originally paid by GAIC as part of the settlement in the state suit and held in an escrow account by GAIC (the Birch Settlement). The Birch Settlement acknowledged that the GAIC Settlement entered in the state suit specified that if the settlement was not consummated, the $175,000 payment contemplated therein was to be used by the insureds for future settlement purposes of the state lawsuit only, and for no other reason. GAIC agreed that upon the entry by the 193rd District Court of an order consistent with the Birch Settlement, it would pay to the receiver, in trust, the sum of $175,000 in fulfillment of its remaining obligation set forth in the settlement agreement and the receiver would pay GAIC the sum of $40,000 to settle its claim for attorney's fees. On July 16, 2012, the receiver filed a motion in the trial court recommending approval of the Birch Settlement and disbursement of the $175,000 settlement proceeds held in trust as follows: (1) $40,000 to GAIC for its attorney's fees; (2) $22,203.94 to the receiver for her fees and expenses; and (3) the remainder of the settlement proceeds to RSS in partial satisfaction of the judgment entered in the state suit. On August 15, 2012, the trial court conducted a hearing and Mr. Stafford appeared although he had not entered a formal appearance, and he requested payment of attorney's fees in the amount of $35,000 for his representation of Sky King and the Birches in the federal suit. The record does not include a transcription of this hearing. It is undisputed, however, that Mr. Stafford claimed he was entitled to attorney's fees because he had an oral contingent fee agreement, and alternatively, he claimed he was entitled to $35,000 in attorney's fees under a theory of *quantum meruit*.

On August 22, 2012, the trial court signed an "Order Approving Settlement and Disbursement of Settlement Proceeds" requiring the receiver to disburse the settlement proceeds as follows:  (1) $40,000 to GAIC; (2) $30,000 to the law firm of Carter Stafford Arnett Hamada & Mockler, PLLC; (3) $22,000 to the receiver's law firm, Christiansen Davis & Bullock, LLC; and (4) $73,000 to RSS.[1]  This appeal follows.

**THE DISBURSEMENT ORDER**

In its sole issue[2] presented on appeal, RSS contends that the trial court abused its discretion by ordering the receiver to disburse $30,000 to Carter Stafford because:  (1) Section 64.051(a)(6) of the Civil Practice and Remedies Code mandated the receiver to apply the $175,000 held in trust by GAIC to the extent required to satisfy the final judgment entered against Sky King and Birch; (2) Carter Stafford was not entitled to any contingency fee because Sky King and Birch did not prevail in their federal suit against GAIC; (3) the receiver effectively voided the oral contingency fee agreement; and (4) Mr. Stafford did not enter an appearance, file any pleadings, or submit any evidence of reasonableness or necessity in support of the requested award of attorney's fees.

*The Standard of Review*

The parties agree that the trial court's order for attorney's fees is reviewed for an abuse of discretion but they disagree on the principles of law which guide that discretion.  Under this familiar standard, the reviewing court must determine whether the trial court acted without reference to any guiding rules or principles; in other words, it must decide whether the act was

---

[1]  The disbursements ordered by the trial court are a total of $165,000 but the settlement proceeds were $175,000. At oral argument, counsel for RSS stated that he had agreed the receiver could retain $10,000 for future receiver's fees.

[2]  RSS did not assign a number to the arguments presented in their brief.  We have construed their brief as presenting a single issue with four sub-arguments.

arbitrary or unreasonable. *See Ridge Oil Company, Inc. v. Guinn Investments, Inc.*, 148 S.W.3d 143, 163 (Tex. 2004); *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). This appeal does not simply involve an award of attorney's fees made in a suit pending before the trial court because the order entered was made during post-judgment collection proceedings and involved the application of non-exempt property, namely, settlement proceeds from the federal suit, in partial satisfaction of the final judgment in the state suit. The question is whether the trial court had discretion to disburse a portion of that non-exempt property to Carter Stafford to satisfy its claim for attorney's fees in the federal suit. We agree with RSS that the trial court's discretion was guided by the Civil Practice and Remedies Code.

*Post-Judgment Collection Proceedings*

RSS requested that the trial court appoint a receiver pursuant to Section 31.002 of the Texas Civil Practice and Remedies Code to collect the judgment and to take possession of non-exempt property, namely, the federal suit and its proceeds. Section 31.002 provides:

> (a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
>
> (1) cannot readily be attached or levied on by ordinary legal process; and
>
> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

TEX.CIV.PRAC.&REM.CODE ANN. § 31.002(a)(West 2008). Subsection (b) authorizes the court to:

> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;
>
> (2) otherwise apply the property to the satisfaction of the judgment; or

- 7 -

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEX.CIV.PRAC.&REM.CODE ANN. § 31.002(b).

The receiver's proposed disbursement of the non-exempt property is consistent with Section 64.051(a) of the Civil Practice and Remedies Code, entitled "Application of Funds, Preferences," which requires a receiver to apply the earnings of property held in receivership to the payment of the following claims in the order listed:

(1) court costs of suit;

(2) wages of employees due by the receiver;

(3) debts owed for materials and supplies purchased by the receiver for the improvement of the property held as receiver;

(4) debts due for improvements made during the receivership to the property held as receiver;

(5) claims and accounts against the receiver on contracts made by the receiver, personal injury claims and claims for stock against the receiver accruing during the receivership, and judgments rendered against the receiver for personal injuries and for stock killed; and

(6) judgments recovered in suits brought before the receiver was appointed.

TEX.CIV.PRAC.&REM.CODE ANN. § 64.051(a)(West 2008). The statute further provides that claims listed in Section 64.051 have a preference lien on the earnings of the property held by the receiver and requires the court to "ensure that the earnings are paid in the order of preference listed in this section." TEX.CIV.PRAC.&REM.CODE ANN. § 64.051(b), (c). Thus, the trial court's discretion to apply the non-exempt property is limited by Section 64.051.

The receiver's fees are considered court costs and are given first priority. *See Jones v. Strayhorn*, 159 Tex. 421, 425, 321 S.W.2d 290, 293 (1959); *Rusk v. Runge*, No. 14-02-00481-CV, 2003 WL 22672182, at *3 (Tex.App.--Houston [14th Dist.] 2003, pet. denied). Carter

Stafford argues that its claim for attorney's fees amounts to "court costs of suit" under Section 64.051(a)(1) and that it is entitled to preference over the final judgment in the state suit. Carter Stafford attempts to bring itself within Section 64.051(a)(1) by arguing that it "administered and preserved the property through its efforts in filing and litigating the federal court lawsuit, thereby providing an opportunity for settlement of the federal court lawsuit to occur." It cites *Jordan v. Burbach*, 330 S.W.2d 249, 252 (Tex.Civ.App.--El Paso 1959, writ ref'd n.r.e.) in support of its argument. In *Jordan*, this Court held that receiver fees are considered court costs, and therefore, the receiver and his attorney appointed by the court were entitled to priority over other creditors. *Jordan*, 330 S.W.2d at 251-52. The opinion does not stand for the proposition that a claim for attorney's fees made by an attorney who represented a party to the suit must also be considered as court costs for purposes of Section 64.051(a)(1). Carter Stafford does not cite any other provision in support of its argument and we are aware of none.

The final judgment entered in the state suit before the receiver was appointed is a claim under Section 64.051(a)(6). The trial court abused its discretion by giving priority to Carter Stafford's claim for attorney's fees over that final judgment. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 64.051(b), (c). It is unnecessary to address the remaining arguments presented by the Appellants, including whether the claim for attorney's fees is valid. We sustain the sole issue, reverse the portion of the trial court's order requiring the receiver to pay $30,000 to Carter Stafford, and render judgment ordering the receiver to pay the remaining amount of $103,000 to RSS in partial satisfaction of the final judgment.

October 10, 2014

                                        ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J. (Not Participating)